**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4848-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRUCE KERN,

     Defendant-Appellant.

_____

Submitted November 29, 2018 – Decided February 1, 2019

Before Judges Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. SC-005287.

Bruce Kern, appellant pro se.

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bruce Kern appeals from the May 30, 2017 order of the Law Division forfeiting the filing date of his appeal from a municipal court conviction for failure to pay the required filing fee. We affirm.

I.

The following facts are discerned from the record. On February 6, 2017, Kern was convicted in municipal court of having violated N.J.S.A. 2C:29-1(a), obstructing administration of law or other governmental function. The municipal court sentenced Kern to one year of probation and fines, and ordered him to undergo a mental health evaluation.

On February 7, 2017, Kern filed an appeal in the Law Division. Along with his appeal, Kern filed a request to waive the filing fee. On March 2, 2017, the trial court denied Kern's waiver request. On March 13, 2017, Kern moved in this court for leave to appeal from the denial of his waiver request. On April 10, 2017, we denied the motion. State v. Kern, No. AM-0442-16 (App. Div. Apr. 10, 2017).

On April 24, 2017, the trial court informed Kern in writing that because he had not paid the filing fee, his appeal of the municipal court conviction had been marked "Received but not Filed" on February 7, 2017, and that he had ten days to cure the deficiency to preserve the filing date. See Rule 1:5-6. Papers

2

filed in the trial court list both Kern's Woodbury address, and his mother's address in Audubon. The April 24, 2017 notice was sent to his mother's address. Kern did not thereafter pay the filing fee.

On May 30, 2017, the trial court entered an order forfeiting the February 7, 2017 filing date of Kern's appeal. On July 6, 2017, Kern filed a notice of appeal.[1]

## II.

Rule 1:5-6 (c)(1)(A) provides that the clerk of the Superior Court shall accept all papers presented for filing, but a paper "shall be returned stamped 'Received but not Filed (date)' if it is presented for filing unaccompanied by . . . the required filing fee[.]" When a "paper is returned under this rule, it shall be accompanied by a notice advising that if the paper is retransmitted together with the required . . . fee . . . within ten days after the date of the clerk's notice, filing will be deemed to have been made on the stamped receipt date." R. 1:5-6(c).

---

[1] The State argues that Kern's notice of appeal to this court was untimely. It appears that the State's argument is based on the fact that the trial court's order, although filed on May 30, 2017, is dated May 5, 2017. It has long been established that the time in which to appeal is calculated from the date on which an order is entered, not the date that appears on the order, or on which it is signed by the judge. Pogostin v. Leighton, 216 N.J. Super. 363, 370 (App. Div. 1987). July 6, 2017 is within forty-five days of May 30, 2017. R. 2:4-1(a).

A-4848-16T3

Kern argues that he was unaware of the risk of forfeiture of the February 7, 2017 filing date, and did not receive the court's April 24, 2017 notice until after the ten-day period had expired. Kern certified that he was forced to move from his home in Woodbury to a motel in Mount Ephraim on March 29, 2017. On April 6, 2017, he was arrested on a separate criminal matter, resulting in his incarceration at the Camden County jail. Kern remained in the jail until April 21, 2017, when he was sentenced to incarceration in State prison on another separate criminal charge. Kern argues that this "perplexing tempest of circumstances" prevented him from providing the court with a current address once he left Woodbury. He also argues that it was reasonable for him to assume that Superior Court records for all of his pending cases would be updated to reflect his incarceration at the jail after his arrest and his subsequent sentencing to State prison. Kern argues that in light of his inability to keep the court apprised of his address, he should be excused from having to comply with the ten-day period to cure his deficient appeal to the Law Division.

Having carefully reviewed Kern's arguments in light of the record and applicable legal principles, we are satisfied that the trial court followed Rule 1:5-6(c), and that the May 30, 2017 order is sound. It was incumbent on Kern to keep the trial court apprised of any change in his address, including his move

4                                                                                              A-4848-16T3

to a motel and his incarceration on separate criminal charges. It was not reasonable for Kern to assume that the judge assigned to his municipal court appeal would automatically be informed of his arrest or sentencing.

In addition, we note that the April 24, 2017 notice was sent to Kern's mother's address in Audubon, one of the addresses he used in the trial court. Kern admits that his mother received the notice and waited until May 16, 2017 to forward to Kern in prison "all mail she received addressed to" him during April 2017. It appears that Kern made arrangements with his mother to have his mail sent to her address. Having decided to have his mail sent to his mother while he was incarcerated, Kern bears the responsibility for her delay in forwarding the April 24, 2017 notice to him in prison.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4848-16T3